UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-24188-DPG   (Gayles/Turnoff)

BISMARCK JOSE CASTILLO, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

AUTO PAINTING U.S.A. ENTERPRISES,
INC. d/b/a AUTO PAINTING USA
COLLISION, THOMAS J. KOBUS,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Defendants, AUTO PAINTING U.S.A. ENTERPRISES, INC. d/b/a AUTO PAINTING USA COLLISION, a Florida corporation, and and THOMAS J. KOBUS, individually (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of the Complaint is as follows:

1. Defendants admit that Plaintiff purports to bring a claim arising under the FLSA, but deny that there is any such claim and further deny the allegations, inferences

and legal conclusions contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof.  Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

2. Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiff's Complaint and demand strict proof thereof.

3. Defendants admit that the corporate Defendant transacts business within Miami-Dade County and was the Plaintiff's employer for the relevant time period. Otherwise, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of the Plaintiff's Complaint and demand strict proof thereof.

5. Defendants do not contest venue but deny the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.

6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

7. Defendants do not contest subject matter jurisdiction.

8. With regard to Paragraph 8 of the Plaintiff's Complaint, it is an averment to which no response is necessary as the statute speaks for itself. Further, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof.

9. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of the Plaintiff's Complaint and demand strict proof thereof.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of the Plaintiff's Complaint and demand strict proof thereof.

13. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiff's Complaint and demand strict proof thereof.

15. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 15 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff or any other individual is entitled to any of the damages or relief sought in the WHEREFORE clause of Count I of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

16. As and for their First Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees who desire to opt-in to this action.

17. As and for their Second Affirmative Defense, Defendants state that none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

18. As and for their Third Affirmative Defense, Defendants state that the Plaintiff's claims for liquidated damages are barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

19. As and for their Fourth Affirmative Defense, Defendants state that all or part of the Plaintiff's claims is barred by the applicable statute of limitations.

20. As and for their Fifth Affirmative Defense, Defendants state that the Plaintiff's claims are subject to the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

21. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

22. As and for their Seventh Affirmative Defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

23. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because any hours worked by the Plaintiff over forty in any particular workweek for which they were not properly paid was without the knowledge, either actual or constructive, of Defendants.

24. As and for their Ninth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because he has been properly paid.

25. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the "de minimus" doctrine.

26. As and for their Eleventh Affirmative Defense, Defendants state that the Plaintiffs' claims against THOMAS J. KOBUS in his individual capacity, are barred because he is not an "employer" within the meaning of the Fair Labor Standards Act.

27. As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

28. As and for their Thirteenth Affirmative Defense, Defendants state that any alleged overtime due to the Plaintiff at most amounts to $1,395.25, as calculated by the United States Department of Labor pursuant to an official investigation.

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

**DEMAND FOR COSTS AND ATTORNEY'S FEES**

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because the claims have been brought in bad faith. *See, e.g., Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan*, P.A., 775 F.2d 1541 (11th Cir. 1985).

Dated:   December 8, 2015             Respectfully submitted,
         Boca Raton, FL

                                      *s/ Daniel R. Levine*
                                      DANIEL R. LEVINE, ESQ.
                                      Florida Bar No. 0057861
                                      E-mail:   drlevine@bennardolevine.com
                                      BENNARDO LEVINE LLP
                                      1860 NW Boca Raton Blvd.
                                      Boca Raton, FL  33432
                                      Telephone:   (561) 392-8074
                                      Facsimile:   (561) 368-6478
                                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Bismarck Jose Castellano v. Auto Painting U.S.A. Enterprises, Inc., et al.*
Case No. 1:15-cv-24188-DPG   (Gayles/Turnoff)
United States District Court, Southern District of Florida

| Jamie H. Zidell, Esquire<br>E-Mail:  zabogado@aol.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:   (305) 865-6776<br>Facsimile:    (305) 865-7167<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:   (561) 392-8074<br>Facsimile:    (561) 368-6478<br>Counsel for Defendants<br>*Via CM/ECF* |